UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **STEPHEN JAMES BEAL,** of 51 Pennwood Road, Winthrop, Maine, 04364 County of Kennebec, State of Maine; and **MELANIE WALKER,** of 50 Oak Ridge West, Wiscasset, Maine, 04578, County of Sagadahoc, State of Maine; and **DANIEL B. MYSHRALL,** of 32 Victory Lane, Pittston, Maine, 04345, County of Kennebec, State of Maine; and **MARY MYSHRALL,** of 379 Bangor Road, Troy, Maine, 04987, County of Waldo, State of Maine; and **CATHERINE M. MESARIC,** of 379 Bangor Road, Troy, Maine 04987, County Of Waldo, State of Maine; and **RONALD BAKER,** of 58 Easy Street, Farmingdale, Maine, 04344, County of Kennebec, State of Maine; and **DEBORAH CAMPELL,** of 25 McKenna Drive, Randolph, Maine, 04346, County Of Kennebec, State of Maine; and **HERBERT CRAM,** of 558 River Road, Brunswick, Maine, 04011, County Of Cumberland; and **RUSTY W. DALEY,** of 354 Common Road, Dixfield, Maine, 04224, County of Oxford, State of Maine; and **CHARLES E. FERGUSON II,** of 34 Baker Road, Windsor, Maine, 04363, County of Kennebec, State of Maine; and **TERRENCE SUTHERBURG,** of 12 Mandy's Way, Newcastle, Maine, 04553, County of Lincoln, State of Maine; and **CATHERINE A. MACLEOD,** of P.O. Box 962, Augusta, Maine, 04332Count of Kennebec, State of Maine, and **THOMAS SHOREY,** of P.O. Box 6275, China Village, Maine, 04926, County of Kennebec, State of Maine, and **PATRICK L. PLOURDE,** of 2007 Barricuda Court, Holiday, Florida, 34691, County of Pasco, State of Florida. | ) ) ) **Civil Action No.: 2:12-243-GZS** ) ) **FIRST SUPPLEMENTARY** ) **COMPLAINT: JURY TRIAL REQUEST** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

|   |   |
|---|---|
| Plaintiffs | ) |
| v. | ) |
|   | ) |
| **MVM, INC.,** a California Corporation doing business in the State of Maine. | ) |
|   | ) |
| Defendant | ) |

## INTRODUCTION

This is an action to remedy the failure of an employer contracting with the United States to pay employees the wages that are due for work they performed.

### First Claim: Contract

1. Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331 and by 28 U.S.C. 1367.

2. Defendant has and had an office and a place of business in Portland, Maine, within the jurisdiction of this court, and in various other locations throughout the State of Maine during all times relevant to this Complaint, and are now, and at all times hereinafter mentioned have been, engaged in the operation of a business.

3. Plaintiff Stephen J. Beal currently resides in the City of Winthrop, County of Kennebec, and State of Maine, and is employed by the defendant.

4. Plaintiff Melanie Walker currently resides in the City of Portland, County of Cumberland, and State of Maine, and is employed by the defendant.

5. Plaintiff Daniel B. Myshrall currently resides in the Town of Pittston, County of Kennebec, and State of Maine, and is employed by the defendant.

6. Plaintiff Mary Myshrall currently resides in the Town of Troy, County of Waldo,

and State of Maine, and is employed by the defendant.

7.      Plaintiff Catherine M. Mesaric currently resides in the Town of Troy, County of Waldo, and State of Maine, and is employed by the defendant.

8.      Plaintiff Ronald Baker currently resides in the Town of Farmingdale, County of Kennebec, and State of Maine, and is employed by the defendant.

9.      Plaintiff Deborah Campbell currently resides in the Town of Randolph, County of Kennebec, and State of Maine, and is employed by the defendant.

10.     Plaintiff Herbert Cram currently resides in the Town of Brunswick, County of Cumberland, and State of Maine, and is employed by the defendant.

11.     Plaintiff Rusty W. Daley currently resides in the Town of Dixfield, County of Oxford, and State of Maine, and is employed by the defendant.

12.     Plaintiff Charles E. Ferguson II currently resides in the Town of Windsor, County of Kennebec, and State of Maine, and is employed by the defendant.

13.     Plaintiff Terrence Sutherburg currently resides in the Town of Newcastle, County of Lincoln, and State of Maine, and is employed by the defendant.

14.     Plaintiff Catherine A. MacLoed currently resides in the City of Augusta, County of Kennebec, and State of Maine, and is employed by the defendant.

15.     Plaintiff Thomas Shorey currently resides in the Town of China Village, County of Kennebec, and State of Maine, and is employed by the defendant.

16.     Plaintiff Patrick L. Plourde currently resides in the City Holiday, County of Pasco, and State of Florida, and is employed by the defendant.

17. Plaintiffs bring this action to recover from Defendant unpaid compensation pursuant to section 328 of the Contract Work Hours and Safety Standards Act, 40 U.S.C. §328(b)(2) as hereinafter more fully appears.

18. Defendant MVM, Inc., is a corporation engaged in the business of providing security services to federal installations in the State of Maine.

19. During their employment Plaintiffs in many weeks regularly worked in excess of the hours that the Defendant paid them for.

20. The work of the plaintiffs consisted of providing security services to the defendant for federal installations in Maine as "Guards II."

21. The defendant has entered into contracts with the Federal Protective Services of the United States government for the payment of the plaintiffs' security services. The contract covers the period August 1, 2008 through the present and is contained in GS-07F-0366K (HSCEE 108A 00001). Plaintiffs have made a FOIA request for an earlier contract, and will amend this Complaint when it is received.

22. Defendant has failed to pay plaintiffs all of the wages required by its contracts with the United States Government for the wages of "Guards II."

23. Defendant has accomplished the underpayment of these wages by illegally under-stating the number of hours that the plaintiffs worked weekly, specifically by beginning the compensation of the plaintiffs at a time later than they actually began their work day each day and by failing to include in their compensated hours the time necessary for the plaintiffs' to clean their weapons.

24. The contracts referred to in paragraph eighteen above, in particular its wage

provisions, were intended by the defendant and by Federal Protective Services to give the plaintiffs the benefit of the performance of the promises made by the defendant.

WHEREFORE, plaintiffs pray this Court to enter judgment for the plaintiffs and against the defendant on the basis of the defendant's breach of the contracts made with the Federal Protective Service and for its violations of the Contract Work Hours and Safety Act, 40 U.S.C., §327.

1. to award plaintiffs actual damages in the amount shown to be due for wages, with interest;
2. to award the United States an equal amount in liquidated damages;
3. to grant such other relief as this Court deems equitable and just.

### Second Claim
### (Unpaid Wages Under State Law)

25.   Plaintiffs repeat each and every allegation of paragraphs 2 through 24 above, and incorporate them here in as though set out at length.

26.   Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367.  The facts forming the basis for this state law claim are the same facts which form the basis of the First Claim under the Federal Fair Labor Standards Act.  The state claim is so related to the First Claim that they form a part of the same case or controversy.

27.   Plaintiffs demanded the payment of their wages, but the wages remain unpaid.

28.   The conduct above described violates 26 M.R.S.A. §621-A and §626.

WHEREFORE, plaintiffs pray this Court to enter judgment for the plaintiffs and against the defendant pursuant to 26 M.R.S.A. §626-A.

1.  to award plaintiffs actual wages due, with interest;

2. to award plaintiffs an amount equal to twice their actual wages due in liquidated damages;

4. to award plaintiffs reasonable attorneys' fees and costs of suit; and

5. to grant such other relief as this Court deems equitable and just.

### Third Claim
### (Retaliation for Having Asserted First and Second Claims)

29. Plaintiffs repeat each and every allegation of paragraphs 1 through 28 above, and incorporate them here in as though set out at length.

30. On or about August 20, 2012, approximately two weeks after the defendant was served with the first complaint in this action, Harry E. Doughty, a supervisor employed by the defendant, informed plaintiff Charles Ferguson that he, Doughty, was aware that Ferguson's name was on a list of employees who were suing MVM, Inc.  Supervisor Doughty indicated that this action might cause Mr. Ferguson and all of his co-employees to have to remain at fire arms trainings for the entire block of time that the training is scheduled for rather than being released to clean their weapons at home.

31. On August 2, 2012, prior to the filing of the complaint in this action, the defendant notified the plaintiffs in writing that their regular annual fire arms training would take place on September 15, 2012 in the usual manner.

32. On or about September 4, 2012 Supervisor Doughty informed plaintiffs Stephen James Beal, Melanie Walker, Ronald Baker, Deborah Campell, Herbert Cram, Rusty W. Daley, Charles E. Ferguson II, Terrence Sutherburg, Catherine A. Macleod, and Thomas Shorey (hereinafter "the retaliated against employees") that their training regimen for the fall fire arms qualification would be altered.

33. On September 4, 2012, Doughty issued a memo to all of the retaliated against employees altering the prior memo that had been sent out on August 2, 2012, prior to the filing of the initial complaint in this action, ordering all of the plaintiffs to bring their cleaning kit to the training scheduled for September 15 because they would be required, unlike in the prior status quo, to clean their weapons at the range after firing them.

34. The prior practice of cleaning the weapons at home was healthier, safer, more efficient, and more beneficial to the unit members.

35. Supervisor Doughty and the defendant made this change in retaliation for the filing of this lawsuit by the retaliated against employees.

36. As a direct result of the conduct described above, in paragraphs 29 through 35, the retaliated against plaintiffs were exposed to unhealthy working conditions on September 15, 2012, and had their prior working conditions changed to their detriment.

37. Defendant's conduct was intentional, willful, and designed to harm the retaliated against employees and to punish them for their reasonable attempts to resolve a legal dispute in a civil manner, and had the effect of causing mental and emotional distress to them. This conduct was in violation of 29 U.S.C. §215(a)(3) and in further violation of Federal common law.

38. This court is authorized by 29 U.S.C. §216(b) to grant all legal and equitable relief that is appropriate.

39. The retaliated against employees will amend this claim at a later date to state a claim under the Maine Whistleblower's Act after the Maine Human Rights Commission has had an opportunity to process their complaint under the Maine Act, 26 M.R.S.A. sec. 833.

WHEREFORE, plaintiffs demand consequential damages and appropriate equitable relief restoring their working conditions to that which existed prior to the retaliation.

| | |
|---|---|
| Dated: November 20, 2012 | /s/ Donald F. Fontaine, Esq.<br>Donald F. Fontaine Bar No. 424<br>Attorney for Plaintiffs<br><br>LAW OFFICES OF DONALD F. FONTAINE<br>97 India Street<br>P.O. Box 7590 Portland, Maine 04112<br>Tele: (207) 879-1300<br>Fax: (207) 772-6402<br>dff@fontainelaw.com |

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MAINE

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2012, I served a copy of the First Supplementary Complaint, Jury Trial Requested, using the CM/ECF system which will send notification of such filing(s) to the following:

Glen Isreal, Esq.
Bernstein Shur
100 Middle Street
P.O. Box 9729
Portland, Maine 04104
(207) 774-1200
gisreal@bernsteinshur.com

| | |
|---|---|
| Dated: November 20, 2012 | /s/ Donald Fontaine<br>Donald F. Fontaine Bar No. 424<br>Attorney for Plaintiffs<br><br>LAW OFFICES OF DONALD F. FONTAINE<br>97 India Street<br>P.O. Box 7590 Portland, Maine 04112<br>Tele: 207-879-3100<br>Fax: (207) 772-6402 |

dff@fontainelaw.com